UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARNOLDO ANDRADE,<br><br>                Petitioner,<br><br>    v.<br><br>M.F. MARTEL,<br>                Respondent. | No. CV 14-3959 MWF (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

On May 22, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3rd Cir. 1982). Here, it plainly appears from the face of the Petition that petitioner cannot meet this burden with respect to his claim. Petitioner alleges that he has not filed any petition for review of his conviction or petition for writ of habeas corpus with the California Supreme Court. (Petition at ¶¶ 4-6.)

Because petitioner has not raised his present claims with the California Supreme Court, the Petition is unexhausted.

If it were clear that petitioner is raising a federal claim and that the California Supreme Court would hold that petitioner's unexhausted federal claim was procedurally barred under state law, then the exhaustion requirement would be satisfied. In that event, although the exhaustion impediment to consideration of petitioner's claim on the merits would be removed, federal habeas review of the claim would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or

1  demonstrate that failure to consider the claims would result in a "fundamental
2  miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct.
3  2546, 115 L. Ed. 2d 640 (1991).  However, it is not "clear" here that the
4  California Supreme Court will hold that petitioner's federal claim is procedurally
5  barred under state law.  *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993)
6  (granting habeas relief where petitioner claimed sentencing error, even though the
7  alleged sentencing error could have been raised on direct appeal); *People v.
8  Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental
9  constitutional rights have been violated may be raised by state habeas petition).
10      The Court therefore concludes that this is not an appropriate case for
11 invocation of either exception to the exhaustion requirement regarding the
12 existence of an effective state corrective process.
13      Therefore, the Petition is subject to dismissal.
14      IT IS THEREFORE ORDERED that this action be summarily dismissed
15 without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases
16 in the United States District Courts.
17      LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated: May 29, 2014

_____
MICHAEL W. FITZGERALD
United States District Judge

Presented by:

  /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
United States Magistrate Judge